# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1410

CA 11-01242

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF J-P GROUP, LLC,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF ECONOMIC
DEVELOPMENT, EMPIRE STATE DEVELOPMENT
CORPORATION, COMMISSIONER OF ECONOMIC
DEVELOPMENT, DENNIS MULLEN (ACTING),
EMPIRE ZONE DESIGNATION BOARD,
RESPONDENTS-APPELLANTS,
ET AL., RESPONDENT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

MOSEY PERSICO, LLP, BUFFALO (SHANNON M. HENEGHAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 25, 2010 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition to annul the determination of respondent New York State Department of Economic Development revoking petitioner's certification as a qualified Empire zone enterprise.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the first and third through seventh decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Petitioner owns and manages commercial rental properties within an Empire zone and was certified as a qualified Empire zone enterprise effective March 19, 2002 (*see* General Municipal Law § 955 *et seq.*). In April 2009, the Legislature amended General Municipal Law § 959 (a) to revise the eligibility for businesses receiving Empire zone benefits (*see* L 2009, ch 57, part S-1, § 3) and, by the same legislation, amended numerous sections of the Tax Law that provided tax credits to businesses receiving those benefits (*see* L 2009, ch 57, part S-1, §§ 11-22). Sections 11 through 17 of that legislation stated that "[a]ny carry over of a credit from prior taxable years will not be allowed if an [E]mpire zone retention certificate is not issued pursuant to [General Municipal Law § 959 (w)] to the [E]mpire zone enterprise [that] is the basis of the

credit," and sections 18 through 22 contained similar provisions.  The subject amendments were to "take effect immediately," with the exception of, inter alia, the Tax Law amendments in sections 11 through 22 of the legislation, which were to "apply to taxable years beginning on and after January 1, 2008" (L 2009, ch 57, part S-1, § 44 [a]).

On June 29, 2009, respondent New York State Department of Economic Development (DED) revoked petitioner's certification as a qualified Empire zone enterprise retroactive to January 1, 2008 on the ground that petitioner "failed to provide economic returns to the [S]tate in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits [petitioner] used and had refunded to it" (General Municipal Law § 959 [a] [v] [6]).  Petitioner appealed to respondent Empire Zones Designation Board (EZDB), but the EZDB upheld the revocation of petitioner's certification.  Petitioner then commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination revoking its certification as a qualified Empire zone enterprise and reinstating its certification as such an enterprise.  Supreme Court granted the petition in its entirety, and it declared that, inter alia, the amendments to General Municipal Law § 959 (a) are not retroactive, that the emergency regulations promulgated by the DED Commissioner pursuant to General Municipal Law § 959 were null and void inasmuch as they were improperly filed and otherwise defective, and that the revocation of petitioner's Empire zone certification was arbitrary and capricious and thus null and void.

We note at the outset that the court erred in granting declaratory relief inasmuch as petitioner did not seek such relief in this CPLR article 78 proceeding.  We agree with the court, however, to the extent that it determined that the amendments to General Municipal Law § 959 are prospective only (*see James Sq. Assoc. LP v Mullen* [appeal No. 2], ___ AD3d ___ [Nov. 18, 2011]).  Although the Legislature intended that the subject amendments were to apply retroactively, we have recently held that such "retroactive application . . . violates [a party's] due process rights" (*id*. at ___).

We agree with respondents, however, that the court erred in determining that there was no rational basis for the determination to revoke petitioner's Empire zone certification.  "It is well established that [j]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis . . . Such a determination is entitled to great deference . . ., and [a] reviewing court may not substitute its own judgment for that of the agency" (*Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.]*, 19 AD3d 1058, 1059, *lv denied* 5 NY3d 713 [internal quotation marks omitted]).

General Municipal Law § 959 (a) (v) (6) authorized the DED Commissioner to promulgate emergency regulations governing "the decertification by the [C]ommissioner . . . of business enterprises for benefits referred to in [section 966] with respect to an [E]mpire

zone . . . upon a finding [that] . . . the business enterprise has failed to provide economic returns to the [S]tate in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits the business enterprise used and had refunded to it . . . ." Thus, businesses producing less than $1 in actual wages and benefits and investments for every $1 in State tax incentives (hereafter, 1:1 cost-benefit test) were to be decertified from the program. The emergency regulation promulgated pursuant to General Municipal Law § 959 (a) (v) (6) is set forth in part in 5 NYCRR 11.9 (c) (2), which provides that the DED Commissioner "shall revoke the certification of a business enterprise upon a finding that . . . a business enterprise that has submitted at least three years of business annual reports has failed to provide economic returns to the [S]tate in the form of total remuneration to its employees (i.e., wages and benefits) and investments in its facility that add to a greater value than the tax benefits the business enterprise used and had refunded to it . . . ." That regulation further provides that "a business enterprise that has submitted at least three years of business annual reports shall have failed [the 1:1 cost-benefit test] if the sum of . . . all wages and benefits paid to all employees of the business enterprise in the zone . . . and . . . the value of capital investments in the zone, as indicated in the business enterprise's business annual reports submitted and reporting for any of the years from and including [2001] through and including . . . [2007], does not exceed the total amount of [S]tate tax benefits the business enterprise used and had refunded to it or its members, partners or shareholders under the [E]mpire zones program as indicated in the business annual reports submitted and reporting for any of the years from and including [2001] through and including [2007] . . . ."

Here, the revocation of petitioner's Empire zone certification had a rational basis based on the business annual reports that petitioner submitted to respondents. Those reports establish that petitioner has a cost-benefit ratio of .9 for the years 2002 through 2007 and thus produced less than $1 in actual wages and benefits and investments for every $1 in State tax incentives it received. The data contained in the schedule that petitioner submitted to the EZDB on administrative appeal indicates that petitioner had an even lower cost-benefit ratio of .795. Respondents, albeit tersely, relied on petitioner's data in revoking its Empire zone certification inasmuch as the EZDB upheld the determination by the DED revoking petitioner's certification on the ground that it "failed to provide economic returns to the [S]tate in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits [that petitioner] used and had refunded to it." The language used by the DED and upheld by the EZDB is consistent with the language of General Municipal Law § 959 (a) (v) (6), and those respondents thereby concluded that petitioner failed the 1:1 cost-benefit test. Contrary to petitioner's contention, respondents were not required to rely only on the business annual reports for the three years during the 2002-2007 period in which petitioner passed the 1:1 cost-benefit test. General Municipal Law § 959 (w) requires that decertification "be based upon an analysis of

data contained in *at least three* business annual reports filed by the business enterprise" (emphasis added), and the emergency regulations promulgated by the DED Commissioner pursuant to section 959 condition decertification upon an analysis of a data set to be derived from "the business annual reports *submitted and reporting for any of the years from and including [2001] through and including [2007]*" (5 NYCRR 11.9 [c] [2] [emphasis added]).  Contrary to petitioner's further contention, we conclude that it was not entitled to a hearing concerning the revocation of its Empire zone certification (*see* 5 NYCRR 11.9 [c], [d]).  We therefore modify the judgment by vacating the first decretal paragraph, which granted the petition in its entirety, the fifth and sixth decretal paragraphs, which determined that the revocation of petitioner's Empire zone certification was arbitrary and capricious and thus null and void, and the seventh decretal paragraph, which required respondents to take any actions necessary to ensure petitioner is deemed certified as a qualified Empire zone enterprise continuously from its original date of certification.

Respondents further contend that, because the petition did not allege that the emergency regulations and the subsequent 2009 amendments promulgated by the DED Commissioner pursuant to General Municipal Law § 959 and set forth in 5 NYCRR 11.9 were defective and improperly filed seriatim, the court should not have reached that issue (*see generally Matter of Town of Rye v New York State Bd. of Real Prop. Servs.*, 10 NY3d 793, 795; *Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 903, *lv denied* 5 NY3d 713).  Even assuming, arguendo, that the court did not err in reaching that issue because the papers submitted by both parties specifically addressed it (*see Matter of Mathis v New York State Dept. of Correctional Servs.* [appeal No. 2], 81 AD3d 1435, 1436; *Matter of Roth v Syracuse Hous. Auth.*, 270 AD2d 909, *lv denied* 95 NY2d 756), we conclude that the court erred in determining that the emergency regulations and amendments promulgated by the DED Commissioner pursuant to General Municipal Law § 959 were null and void as improperly filed and otherwise defective (*see* 5 NYCRR 11.9).  Here, the substantive requirements for filing of an emergency regulation were sufficiently met (*see* State Administrative Procedure Act § 202 [6] [d]; [8]; *see also Matter of Industrial Liaison Comm. of Niagara Falls Area Chamber of Commerce v Williams*, 72 NY2d 137, 144-145; *Matter of Gioia v Lynch*, 306 AD2d 280, *lv denied* 100 NY2d 514).  In any event, the improper filing of the 2009 amendments to the subject regulations would be of no consequence to petitioner inasmuch as petitioner was decertified as an Empire zone business on June 29, 2009, before the amendments were filed (*cf. Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 919).  We therefore further modify the judgment by vacating the third and fourth decretal paragraphs, which determined that the emergency regulations promulgated by respondents pursuant to General Municipal Law § 959 were improperly filed and otherwise defective and thus that they were null and void.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court