Egan Jr., J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered February 14, 2011 in Albany County, which, among other things, dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Empire Zone Designation Board revoking the certification of petitioner Morris Builders, LP as an empire zone business enterprise.
Petitioners are two limited partnerships with a leasehold interest in 80 acres of a 100-acre site owned by the Westchester County Industrial Development Agency and located in the City of Yonkers, Westchester County. The remaining 20 acres consist of a former landfill that is the subject of a Department of Environmental Conservation consent order. According to petitioners, they are directly financing the environmental cleanup of the site pursuant to the terms of two payment in lieu of taxes agreements entered into between petitioner Morris Builders, LP and the City of Yonkers Industrial Development Agency.
In June 2009, Morris Builders, which obtained certification as an empire zone business (see General Municipal Law § 955 et seq.) in July 2004,[1] was advised that respondent Commissioner of Economic Development was revoking its certification due to its failure “to provide economic returns to the state in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits [it] used and had refunded to it” (General Municipal Law § 959 *1382 [a] [v] [6]) — a test commonly referred to as the “1:1 benefit-cost test.”[2] Morris Builders thereafter filed a timely notice of appeal with respondent Empire Zone' Designation Board (hereinafter the Board) but neglected to tender its submissions to the Board within the 60 days set forth in General Municipal Law § 959 (w). In March 2010, the Board unanimously passed Resolution No. 3 of 2010 upholding, in relevant part, the Commissioner’s decision to revoke Morris Builders’ empire zone certification effective January 1, 2008.[3]
Petitioners thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to annul the Board’s determination and declare the relevant portions of General Municipal Law § 959 and the accompanying regulation — 5 NYCRR 11.9 — unconstitutional. Respondents answered and the Board, the Commissioner and respondent Department of Taxation and Finance moved to dismiss petitioners’ declaratory judgment action, as well as petitioners’ order to show cause seeking discovery. Supreme Court denied those applications but ultimately dismissed the petition/complaint in its entirety finding, among other things, that the Board’s determination was rational. This appeal by petitioners ensued.[4]
To the extent that petitioners contend that the Board’s decision to uphold the revocation of Morris Builders’ empire zone certification was irrational, we disagree. Although we indeed conclude in Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd. (95 AD3d 1402 [2012] [decided herewith]) that the Board’s “one size fits all” determination — as embodied in resolution No. 3 of 2010 — was improper, our decision in that regard is of no aid to petitioners here. In the absence of a timely perfected appeal, there was no additional documentation, explanation or evidence for the Board to consider beyond the business annual reports previously reviewed by the Commissioner, which reflected that Morris Builders received in excess of $3.8 million in tax credits while returning only $124,109 in the form of wages and investments. Under these circumstances, the Board had no choice but to uphold the Commissioner’s revocation of Morris Builders’ certification as an empire zone busi *1383 ness (see General Municipal Law § 959 [w]) and, therefore, the rationale for the Board’s determination is readily apparent (compare Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., supra). Similarly, to the extent that petitioners contend that their considerable investment in the landfill cleanup effort should have been considered as an additional “economic, social [or] environmental factor[ ] when evaluating the costs and benefits of [the] project to the state and whether [Morris Builders’] continued certification [was] warranted based on such factor[ ]” (General Municipal Law § 959 [w]), we need note only that petitioners’ remedy in this regard was to timely perfect its administrative appeal. Simply put, although the Board indeed must “consider the explanation provided by the business enterprise” as to “why its certification should be continued” (General Municipal Law § 959 [w]), the Board certainly cannot be faulted for failing to consider information that petitioners neglected to properly put before it in the first instance.
Nor are we persuaded that the Board’s determination was made in violation of lawful procedure due to certain typographical errors initially contained in General Municipal Law § 959 (w).[5] To be sure, “[statutes are to be construed according to the ordinary meaning of their words. Application of this cardinal rule, however, is not to be mechanically applied when an absurd or futile result would ensue, especially one at variance with the policy and purpose of the legislation” (Matter of Jose R., 83 NY2d 388, 393 [1994] [citations omitted]; see Matter of Markus v Assessors of Town of Taghkanic, 24 AD3d 1066, 1067 [2005], lv denied 6 NY3d 709 [2006]; Matter of New York State Elec. & Gas Corp. v Public Serv. Commn. of State of N.Y., 308 AD2d 108, 114 [2003]). As these isolated drafting errors, which have since been corrected (see L 2010, ch 57, part R, § 2), clearly were at variance with the statutory scheme and, more to the point, the underlying legislative intent, we decline petitioners’ invitation to invalidate the Board’s determination upon this basis — particularly given that the Board referenced the correct evidentiary standard in its determination.
Petitioners’ claim that Morris Builders was not accorded due process is equally unavailing. Initially, we reject petitioners’ as *1384 sertion that Morris Builders was not afforded an adequate predeprivation remedy. The record reflects that Morris Builders was advised in June 2009 that its certification was being revoked due to its failure to satisfy the 1:1 benefit-cost test and, in conjunction therewith, was apprised of both its right to appeal such decertification to the Board and the time frame within which the administrative appeal must be filed and any written submissions must be tendered (see General Municipal Law § 959 [w]). Accordingly, we are satisfied that Morris Builders “was given adequate notice of the Commissioner’s decision, as well as the reasons for its decertification” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d 24, — [2012] [decided herewith]).
We reach a similar conclusion regarding petitioners’ claim that Morris Builders was not afforded a meaningful opportunity to secure a post-deprivation remedy. As noted previously, Morris Builders had a viable post-deprivation avenue of relief — namely, to timely perfect its administrative appeal to the Board and tender additional documents in support of its claim that it was entitled to continued certification as an empire zone business. As Morris Builders failed to perfect its administrative appeal in a timely manner, it cannot now be heard to complain. In any event, we are satisfied that the statutory scheme afforded Morris Builders due process in this regard (see id. at —).[6]
As to the balance of petitioners’ arguments, although we agree — for the reasons previously stated — that the Board’s decision to uphold the revocation of Morris Builders’ empire zone certification was entirely rational, we also agree — for the reasons set forth in Matter of WL, LLC v Department of Economic Dev. (supra) — that such revocation cannot be made retroactive to January 1, 2008. Like the petitioner in that case, Morris Builders — a certified participant in the program since 2004— could not have anticipated that the program rules governing certification would be changed and “had every reason to assume that it would continue to enjoy the benefits of certification so long as it continued to comply with the provisions in the [then] existing statutory enactments” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d at —). Accordingly, having given due consideration to all of the relevant factors, including Morris Builders’ forewarning of a change in the old law, the reasonableness of its reliance thereon, the length of the retroactive period at issue and the public purpose to be served by the *1385 retroactive application of the statutory amendments (see Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., 70 NY2d 451, 456 [1987], appeal dismissed 485 US 950 [1988]), we agree that “the retroactive application of the . . . amendments constituted an unlawful taking of [Morris Builders’] property and, as such, violated its right to due process” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d at —). Accordingly, the revocation of Morris Builders’ certification as an empire zone business “cannot be made retroactive to January 1, 2008, and the amendments may only be prospectively applied” (id.).
As a final matter, we cannot say that Supreme Court abused its “considerable discretion” in denying petitioners’ CPLR 408 request for disclosure (Matter of Grossman v McMahon, 261 AD2d 54, 57 [1999]; see Matter of City of Glen Cove Indus. Dev. Agency v Doxey, 79 AD3d 1038, 1038 [2010]; Matter of Dallio v Goord, 15 AD3d 803, 804 [2005], lv denied 5 NY3d 709 [2005]). Petitioners’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, PJ., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition/complaint seeking a declaration that the April 2009 amendments to General Municipal Law § 959 may not be applied retroactively to January 1, 2008; petition/complaint granted to that extent and it is declared that said amendments shall be applied prospectively; and, as so modified, affirmed.

. Petitioner Morris Industrial Builders, LP never obtained certification as an empire zone business.

. The underlying statutory scheme is more fully discussed in our decisions in Matter of WL, LLC v Department of Economic Dev. (97 AD3d 24 [2012] [decided herewith]) and Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd. (95 AD3d 1402 [2012] [decided herewith]).

. The Board’s resolution, which also upheld the revocation of certification of 90 other similarly situated business entities, is addressed in greater detail in Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd. (supra).

. Petitioners do not challenge the dismissal of their sixth and seventh causes of action.

. As set forth in the April 2009 amendments to the statute (see L 2009, ch 57, part S-l, § 3), General Municipal Law § 959 (w) contained a singular incorrect reference to General Municipal Law § 959 (a) (iv) — instead of subdivision (a) (v) — and mistakenly stated that the Commissioner’s revocation could be reversed only if the Board unanimously found that the business entity presented “insufficient evidence” — as opposed to “sufficient evidence” — to show that the Commissioner’s finding was erroneous.

. We note in passing that the Fourth Department recently held that a similarly situated petitioner was not entitled to a hearing regarding the revocation of its empire zone certification (Matter of J-P Group, LLC v New York State Dept. of Economic Dev., 91 AD3d 1363, 1366 [2012]).