Malone Jr., J.
Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 25, 2011 in Albany County, which dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Empire Zone Designation Board revoking petitioner’s certification as an empire zone business enterprise.
The relevant statutory scheme is more fully detailed in our decisions in Matter of WL, LLC v Department of Economic Dev. (97 AD3d 24 [2012]) and Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd. (95 AD3d 1402 [2012]). As is relevant here, in April 2009, the New York State Empire Zones Act (see General Municipal Law § 955 et seq.) was amended to include additional standards that had to be met in order for a commercial entity to retain its certification to participate in the program, including the requirement that the entity establish that it “provide [d] economic returns to the state in the form of total remuneration to its employees (i.e. wages and benefits) and investments in its facility greater in value to the tax benefits the business enterprise used and had refunded to it” (General Municipal Law § 959 [a] [v] [6]; see also 5 NYCRR 11.9 [c] [2]), otherwise known as the “1:1 benefit-cost test.” These amendments also authorized respondent Department of Economic Development (hereinafter DED) to adopt emergency regulations to facilitate its review of entities in the program and, pursuant to that authority, DED published regulations in May 2009. The regulations provided that, among other things, DED’s review would be limited to the 2001-2007 time period (see 5 NYCRR 11.9 [c] [2]).
In August 2009, petitioner received notice from DED that its records had been reviewed and, as a result of the findings, its certification was being revoked pursuant to General Municipal Law § 959 (a) (v) (6) for its failure to satisfy the 1:1 benefit-cost test, retroactively effective as of January 1, 2008. After respondent Empire Zone Designation Board (hereinafter the Board) upheld this determination, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the revocation of its certification. Supreme Court dismissed the petition/complaint, and petitioner appeals.
Initially, we are unpersuaded by petitioner’s contention that DED violated the State Administrative Procedure Act (hereinafter SAPA) in adopting the regulations on an emergency basis without first identifying the circumstances necessitating such and providing the public with an opportunity to comment. AI- *1146 though, generally, agencies must comply with the provisions of SAPA prior to the adoption of rules or regulations, here, the Legislature specifically provided DED with the authority to promulgate the regulations necessary to effectuate its review of the empire zone participants on an emergency basis, “notwithstanding any provision to the contrary in [SAPA]” (General Municipal Law § 959 [a] [v]). Accordingly, DED was not required to comply with the SAPA provisions before promulgating the regulations. Although petitioner further contends that DED subsequently improperly readopted the emergency regulations beyond the applicable 90-day limitation period (see State Administrative Procedure Act § 202 [6] [b]), any impropriety would be of no consequence to petitioner inasmuch as its notice of decertification was issued within the initial 90-day period (see e.g. Matter of J-P Group, LLC v New York State Dept. of Economic Dev., 91 AD3d 1363, 1367 [2012]).
We are not persuaded that the Board’s decision to uphold the revocation of petitioner’s certification was irrational.* Although petitioner contends that its business annual reports (hereinafter BARs) for the years 1995 to 2000 should have been reviewed by DED in determining whether to decertify petitioner, DED was required only to consider at least three BARs (see General Municipal Law § 959 [a] [v] [6]; [w]) and, as this Court has previously decided, DED’s decision to consider an entity’s BARs only for the time period between 2001 and 2007 was neither arbitrary and capricious nor an unlawful exercise of its regulatory authority (see Matter of WL, LLC v Department of Economic Dev., 97 AD3d at 29-30). Moreover, DED was required to consider only the information contained in petitioner’s BARs in determining whether the sum of the actual value of the wages and benefits paid by petitioner to its employees and the value of the capital investments made by petitioner exceeded the total amount of tax benefits received by petitioner in that time period (see 5 NYCRR 11.9 [c] [2]). Accordingly, contrary to petitioner’s assertion, DED was not required to consider in its calculation expenditures on rent paid by petitioner’s tenant.
*1147 Petitioner’s assertion that it was not accorded due process is unavailing. The record reflects that, in August 2009, petitioner was notified by DED that its certification was being revoked due to its failure to satisfy the 1:1 benefit-cost test and was apprised of its right to appeal that determination to the Board within a specified time frame. Accordingly, we are satisfied that petitioner was provided with sufficient notice of DED’s decision and the reasons therefor (see Matter of WL, LLC v Department of Economic Dev., 97 AD3d at 30-31; Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d at 1383-1384). Moreover, although petitioner complains that it was not granted a hearing before the Board on appeal, “[t]he statute does not require the Board to hold such a hearing” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d at 31) and, in any event, the record reflects that petitioner was offered an opportunity to submit documents to the Board in support of its appeal. Overall, we are satisfied that the manner in which the Board considered petitioner’s appeal afforded petitioner due process (see Matter of WL, LLC v Department of Economic Dev., 97 AD3d at 31; Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d at 1383-1384).
However, for the reasons set forth in Matter of WL, LLC v Department of Economic Dev. (supra) and Matter of Morris Bldrs., LP v Empire Zone Designation Bd. (supra), after consideration of all the relevant factors (see Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y., 70 NY2d 451, 456 [1987], appeal dismissed 485 US 950 [1988]), we agree with petitioner that the revocation of petitioner’s certification cannot be made retroactive to January 1, 2008. Like the petitioners in those cases, petitioner here could not have foreseen the changes to the program rules regarding certification and “had every reason to assume that it would continue to enjoy the benefits of certification so long as it continued to comply with the provisions in the [then] existing statutory enactments” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d at 32 [2012]; see Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d at 1384-1385). Accordingly, the revocation of petitioner’s certification cannot be made retroactive to January 1, 2008 and the amendments to General Municipal Law § 959 may only be prospectively applied.
Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the *1148 petition/complaint seeking a declaration that the April 2009 amendments to General Municipal Law § 959 may not be applied retroactively to January 1, 2008; petition/complaint granted to that extent and it is declared that said amendments shall be applied prospectively only; and, as so modified, affirmed.

 To the extent that petitioner argues that the Board failed to properly consider the merits of its appeal by issuing a summary letter decision after a brief meeting attended by approximately 90 other decertified program participants, we note that, although the Board’s process has been appropriately criticized (see Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d at 1405), here, as in Matter of WL, LLC v Department of Economic Dev. (2012 NY Slip 03497), it is readily apparent that the Board based its denial of petitioner’s appeal on an application of 5 NYCRR 11.9 (c) (2) (see Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381 [2012]).