██ In the Matter of GREECE TOWN MALL, L.P., Appellant, v NEW YORK STATE et al., Respondents. [964 NYS2d 277]—

McCarthy, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered November 3, 2011 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Empire Zone Designation Board revoking petitioner's certification as an empire zone business enterprise.

In 2002, petitioner, the owner of a shopping mall, was certified as an empire zone business enterprise, allowing it to receive

---

certain tax credits. The certification stated that it was effective through 2015. In June 2009, after the Legislature amended the Empire Zones Act (General Municipal Law § 955 *et seq.*), the Commissioner of Economic Development revoked petitioner's certification retroactive to January 2008. Upon petitioner's administrative appeal, respondent Empire Zone Designation Board (hereinafter the Board) upheld that decision. Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, to annul the Board's determination that decertified petitioner as an empire zone business enterprise. Respondents moved to dismiss the petition. Supreme Court partially granted the motion, dismissing all but two causes of action and issuing declarations in respondents' favor. Petitioner then moved for, among other things, leave to amend its petition/complaint to add a cause of action seeking a declaration that its decertification could not be retroactively applied to January 2008. Supreme Court denied the motion to amend and, after respondents answered, dismissed the petition/complaint. Petitioner appeals.[1]

Supreme Court properly determined that General Municipal Law § 959 (w) does not violate the NY Constitution (*see* NY Const, art III, § 22). The power to tax lies solely with the Legislature and may not be delegated to an administrative agency (*see* NY Const, art III, § 1; art XVI, § 1; *Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie*, 81 NY2d 574, 579-580 [1993]). Consistent with the NY Constitution, the taxes that petitioner was required to pay were enacted by the Legislature. The Department of Economic Development (hereinafter DED) did not impose any tax; it merely determined whether businesses were entitled to a credit against legislatively-imposed taxes (*see James Sq. Assoc. LP v Mullen*, 91 AD3d 164, 172-173 [2011]). In doing so, DED was implementing a legislative mandate, which is constitutionally permissible (*see Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 864-865 [2003]; *Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501 [2002]; *Rex Paving Corp. v White*, 139 AD2d 176, 184 [1988]). Thus, the court properly declared that the Board's determination did not violate the NY Constitution.

Petitioner should have been granted leave to amend its petition/complaint to include a cause of action seeking a declaration that any revocation of petitioner's status as an empire zone business enterprise may not be applied retroactively to January 2008. "Leave to amend a pleading should be freely

---

1. Petitioner's appeal from the final judgment brings up for review any nonfinal orders that necessarily affect that judgment (*see* CPLR 5501 [a] [1]).

granted as long as the amendment does not plainly lack merit and no prejudice will befall the opposing party" (*Backus v Lyme Adirondack Timberlands II, LLC*, 96 AD3d 1248, 1250 [2012] [citation omitted]). Although Supreme Court found that the proposed cause of action had no merit, that determination was based upon a trial court decision that has since been modified by this Court (*Matter of Hague Corp. v Empire Zone Designation Bd.*, 96 AD3d 1144, 1147 [2012], *appeal dismissed* 19 NY3d 1016 [2012]). Based upon this Court's rulings—in circumstances similar to petitioner's—that revocation of a business's certification cannot be made retroactive to January 2008 (*see id.* at 1147; *Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d 24, 32-33 [2012], *appeal dismissed* 19 NY3d 1021 [2012], *lv granted* 20 NY3d 853 [2012]; *Matter of Morris Bldrs., LP v Empire Zone Designation Bd.*, 95 AD3d 1381, 1382-1383 [2012], *lv denied* 19 NY3d 812 [2012]; *see also Matter of J-P Group, LLC v New York State Dept. of Economic Dev.*, 91 AD3d 1363, 1364 [2012]; *James Sq. Assoc. LP v Mullen*, 91 AD3d at 172-174), and based on a lack of record proof that respondents would be prejudiced, we grant petitioner leave to amend its petition/complaint as proposed.

Supreme Court properly declared that respondents may not be estopped from revoking petitioner's certification as an empire zone business enterprise. Because "tax legislation is not a governmental promise, [taxpayers have] no vested or actionable right . . . to the benefit of a tax statute or regulation" (*Matter of Varrington Corp. v City of N.Y. Dept. of Fin.*, 85 NY2d 28, 33 [1995]). A claim of estoppel may only be asserted against a government agency in the rarest of situations and may not be invoked to prevent an agency from discharging its statutory duties (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]; *Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi]*, 77 AD3d 1146, 1148 [2010]). After the Legislature amended the Empire Zones Act, the Board discharged its statutory duty to review appeals of the DED Commissioner's decisions to decertify empire zone business enterprises (*see* General Municipal Law § 959 [w]). Under these circumstances, where petitioner did not have a vested right to continue receiving tax credits and the Board was fulfilling its duty under the law, the court properly held that estoppel may not be invoked.[2]

---

2. To the extent that petitioner seeks to estop respondents from applying its decertification retroactively to January 2008, that argument may be raised upon remittal in connection with the newly-added cause of action.

Finally, for the reasons stated in *Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd.* (95 AD3d 1402, 1405-1406 [2012]), and as conceded by respondents, we must remit to the Board because its determination lacks sufficient detail to permit intelligent court review, and the affidavit submitted by respondents did not cure this defect.

Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) dismissed petitioner's fourth and sixth causes of action seeking to annul the determination of respondent Empire Zone Designation Board revoking petitioner's certification as an empire zone business enterprise and (2) denied petitioner's motion to amend its petition/complaint; motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.