Matter of Ball v Town of Ballston (2020 NY Slip Op 02300)





Matter of Ball v Town of Ballston


2020 NY Slip Op 02300


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

527859

[*1]In the Matter of Richard A. Ball, as Commissioner of Agriculture and Markets, Respondent-Appellant,
v
Town of Ballston et al., Respondents, and Katz Excavating and Construction, LLC, Appellant- Respondent. (Proceeding No. 1.)
In the Matter of Katz Excavating and Construction, LLC, Appellant-Respondent,
v
Town of Ballston et al., Respondents, and Richard A. Ball, as Commissioner of Agriculture and Markets, Respondent- Appellant. (Proceeding No. 2.)

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Stockli Slevin, LLP, Albany (Mary Elizabeth Slevin of counsel), for appellant-respondent.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent-appellant.



Lynch, J.
Cross appeals from a judgment of the Supreme Court (Buchanan, J.), entered September 27, 2018 in Saratoga County, which, in two combined actions for declaratory judgment and proceedings pursuant to CPLR article 78 that were joined for trial, (1) denied a motion by respondent Katz Excavating and Construction, LLC to reargue in proceeding No. 1, and (2) granted a motion by respondent Commissioner of Agriculture and Markets to dismiss the petition/complaint in proceeding No. 2.
This matter comes before us for a second time, and a brief recitation of events is in order (173 AD3d 1304 [2019], lv denied 34 NY3d 903 [2019]). In 2004, respondent Town of Ballston sought to extend a water main (hereinafter Extension No. 14) within Saratoga County Agricultural District No. 2. Pursuant to Agriculture and Markets Law article 25-AA, the Town duly provided notice of the project to the Commissioner of Agriculture and Markets. To address the project's impact on agricultural uses, the Town Board of the Town of Ballston adopted a resolution (hereinafter the 2004 resolution) "limit[ing] lateral connections [to Extension No. 14] . . . to agricultural related uses and existing non-agricultural uses." The Commissioner, in turn, approved the project (see Agriculture and Markets Law § 305 [4] [e]).
In 2016, the Town passed a resolution (hereinafter the 2016 resolution) authorizing a lateral connection to Extension No. 14 for a residential subdivision project sponsored by respondent Thomas J. Benuscak (hereinafter the Benuscak project). In September 2016, the Commissioner issued a determination and order finding that this authorization violated the 2004 resolution and directed the Town to withdraw the approval unless the property was removed from the agricultural district. The Town's failure to comply with the determination and order prompted the Commissioner to commence a combined declaratory judgment action and proceeding pursuant to CPLR article 78 (hereinafter proceeding No. 1) against the Town in the Supreme Court in Saratoga County, seeking to enforce the 2004 resolution.
Thereafter, the Commissioner issued another determination and order against the Town after the Town Board adopted a resolution allowing Katz Excavating and Construction, LLC to connect a proposed new residential development to a water main (hereinafter Extension No. 7) within the same agricultural district. The Commissioner first authorized Extension No. 7 in 1996, after the Board adopted a resolution (hereinafter the 1996 resolution) implementing mitigation measures that limited the use of Extension No. 7 to "agricultural related uses and existing non-agricultural uses" — the same limitations imposed on Extension No. 14. Finding that the connections to Extension No. 7 proposed by Katz for new residential purposes (hereinafter the Katz project) violated the 1996 resolution, the Commissioner directed the Town to rescind the approval.
In July 2017, Katz commenced a combined declaratory judgment action and CPLR article 78 proceeding in the Supreme Court in Albany County, seeking to annul the Commissioner's determination (hereinafter proceeding No. 2). Correspondingly, in September 2017, Supreme Court (Buchanan, J.) granted Katz's motion to intervene in proceeding No. 1. Thereafter, Katz filed an answer in proceeding No. 1 and a motion for summary judgment, asserting, among various affirmative defenses, that proceeding No. 1 was barred by the statute of limitations.
In April 2018, Supreme Court dismissed the petition/complaint in proceeding No. 1, finding that the Commissioner lacked the authority to enforce the 2004 and 1996 resolutions against the Benuscak and Katz projects. Katz filed a motion to reargue. In the meantime, in July 2018, Supreme Court (O'Connor, J.) granted Katz's motion in proceeding No. 2 to join proceedings No. 1 and No. 2 for trial, while holding the Commissioner's motion to dismiss proceeding No. 2 for lack of standing in abeyance. After proceeding No. 2 was transferred to the Supreme Court in Saratoga County (Buchanan, J.), the court, in September 2018, denied Katz's motion to reargue in proceeding No. 1, finding, in part, that Katz waived its statute of limitations defense pursuant to Town Law § 195. On the merits, the court dismissed proceeding No. 2 as moot in view of its determination to dismiss the petition/complaint in proceeding No. 1. Katz appeals from that part of the judgment as denied its motion to reargue and dismissed its claim, and the Commissioner cross-appeals, arguing that proceeding Nos. 1 and 2 were improperly joined.[FN1]
This Court has since determined that the Commissioner was authorized to initiate proceeding No. 1 and granted the petition/complaint (173 AD3d at 1308). In doing so, we declared that the Town was bound by the mitigation measures adopted in the 2004 resolution for the Benuscak project (id.). We expressly determined that, since "the 2004 resolution was binding and enforceable, a later Town Board was powerless to disregard it" (id.). Our ruling was limited to the Benuscak project since the petition/complaint in proceeding No. 1 was never amended to embrace the Katz project.
As to this appeal, we agree with Katz that it did not waive its statute of limitations defense pursuant to Town Law § 195. Katz maintains that the Town did not finalize its approval until April 2017, when it adopted resolutions approving a negative declaration under the State Environmental Quality Review Act (see ECL art 8) and gave final approval for the water district extension. As such, Katz maintains that the Commissioner had 30 days under Town Law § 195 to challenge the approvals and failed to timely do so. We find that the defense lacks merit because, consistent with our previous determination, the Town was bound by the 1996 resolution limiting the use of Extension No. 7. Even accepting Katz's argument that it had standing to commence proceeding No. 2 and that the two proceedings were properly joined for trial, the operative point in this scenario is that the Town was precluded by the 1996 resolution from authorizing Katz to connect a water line to Extension No. 7 for a new residential use. This is not a question of the Commissioner contesting the Town Board's 2017 approval resolutions on the merits, but rather the Commissioner's right to enforce the Town's 1996 resolution to limit the use of Extension No. 7. For this reason, we affirm Supreme Court's dismissal of proceeding No. 2.
Egan Jr., J.P., Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The Commissioner's cross appeal from the September 2018 final judgment brings up for review the July 2018 intermediate order joining proceeding Nos. 1 and 2 for trial (see CPLR 5501 [a] [1]; Matter of Greece Town Mall, L.P. v New York State, 105 AD3d 1298, 1299 n [2013]).