Roy Z. Rotenberg, Appellant, v Chamberlain, D'Amanda, Oppenheimer & Greenfield, Respondent. [670 NYS2d 643] —Order unanimously affirmed without costs. Memorandum: Plaintiff, who withdrew from defendant law partner-

ship in July 1996, commenced this action seeking a dissolution of the partnership, an accounting and payment of his "equitable interest" in the partnership. Alternatively, in the event of a determination that he is entitled only to repayment of his capital contribution pursuant to the partnership agreement, plaintiff seeks a declaration that the agreement is void as contrary to public policy. Supreme Court properly denied plaintiff's motion for partial summary judgment on liability.

There is no merit to the contention of plaintiff that his withdrawal from the partnership caused a dissolution of the partnership, thereby entitling him to a share in the partnership's assets. The partnership agreement provides that the partnership will continue despite the withdrawal of a partner (*see, Odette Realty Co. v DiBianco*, 170 AD2d 299, 300). Further, agreements that limit the interest of a withdrawing partner to repayment of his capital contribution do not offend public policy (*cf., Gabay v Rosenberg*, 29 AD2d 653, *affd* 23 NY2d 747; *Dwyer v Nicholson*, 193 AD2d 70, 74-76). The subject agreement limits the interest of a withdrawing partner to his capital contribution. Thus, plaintiff is not entitled to his "equitable interest" in the assets of the partnership.

We also reject the contention of plaintiff that, by restricting the partnership's obligation to a withdrawing partner to his capital contribution, the agreement restricts him from practicing law in violation of Code of Professional Responsibility DR 2-108 (A) (22 NYCRR 1200.13 [a]). That provision of the partnership agreement is not a "financial disincentive" against competition; it applies to all withdrawing partners regardless of whether they subsequently practice law in competition with defendant (*see, Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 156-157; *cf., Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 380). (Appeal from Order of Supreme Court, Monroe County, Scudder, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Callahan and Balio, JJ.