■ ELI MIRZOEFF et al., Respondents, v JULIA NAGAR et al., Appellants. [861 NYS2d 740]—In an action, inter alia, pursuant to RPAPL article 15, inter alia, to determine the rights of the parties to certain real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered February 14, 2007, which, after a nonjury trial, among other things, determined that the plaintiffs are the lawful owners of the subject property.

Ordered that the judgment is affirmed, with costs.

A request for an adjournment is addressed to the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of discretion (*see Atwater v Mace*, 39 AD3d 573, 574 [2007]). Further, although courts will routinely afford pro se litigants, as the defendants were throughout the trial, some latitude, a "litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants, nor may a pro se appearance serve to deprive parties in opposition of their right to a fair trial" (*Sloninski v Weston*, 232 AD2d 913, 914 [1996]; *see Banushi v Lambrakos*, 305 AD2d 524 [2003]). Under the circumstances presented here, the Supreme Court providently exercised its discretion in denying the defendants' request for an adjournment (*see Stoves & Stones v Rubens*, 237 AD2d 280 [1997]; *Natoli v Natoli*, 234 AD2d 591, 592 [1996]).

The defendants' remaining contentions are without merit. Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.