In an action to recover damages for prima facie tort, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 24, 2011, which granted that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).
Ordered that the order is affirmed, with costs.
The Supreme Court properly granted that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). Affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every favorable inference as required on a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint fails to state a cause of action alleging prima facie tort for statements made by the defendants during prior litigation involving the parties. The complaint fails to adequately plead that the statements were motivated solely by “disinterested malevolence” (Lancaster v Town of E. Hampton, 54 AD3d 906, 908 [2008]). Contrary to the plaintiffs contention, the allegations in the complaint reveal that the statements made by the defendants were material and pertinent to their motion for an award of sanctions against him, which was made in the prior litigation (see generally Matter of Fagan, 58 AD3d 260 [2008]; see also Wilson v Erra, 94 AD3d 756, 756-757 [2012]; Kilkenny v Law Off. of Cushner & Garvey, LLP, 76 AD3d 512, 513 [2010]). Accordingly, the complaint fails to state a cause of action alleging prima facie tort, and that branch of the defendants’ motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) was properly granted.
In light of the foregoing, we need not reach the plaintiff’s remaining contention.
Eng, EJ., Dickerson, Hall and Lott, JJ., concur.