Stein, J.
Appeals (1) from an order of the Supreme Court (Cerio Jr., J), entered November 30, 2011 in Tompkins County, which, among other things, granted plaintiffs motion for partial summary judgment declaring that plaintiffs share of certain contingency fees shall be calculated pursuant to a partnership agreement between plaintiff, defendant Walter J. Wiggins and Erin McKinley, (2) from an order of said court, entered May 9, 2012 in Tompkins County, which, upon reargument, among other things, granted plaintiffs motion for partial summary judgment on the first, third and fourth causes of action, (3) from an order of said court, entered September 18, 2012 in Tompkins County, which quantified the damage award due to plaintiff, and (4) from the judgment entered thereon.
These appeals involve a dispute between former law partners over the distribution of legal fees. Plaintiff and defendant Walter J. Wiggins, together with a third attorney, Erin McKinley, were partners of defendant Wiggins & Masson, LLP (hereinafter W&M). A written partnership agreement established the terms of the partnership and, in particular, delineated how W&M would make payments to any withdrawing partner for legal fees that it received for services rendered in contingent fee matters that were pending when the partner withdrew. After McKinley withdrew from W&M, the W&M partnership agreement was amended (hereinafter the W&M partnership agreement) to reflect the addition of a new partner, Jason Crane, and the law firm’s name was changed to Wiggins, Masson & Crane, LLE Shortly thereafter, plaintiff withdrew from the partnership.
In January 2007, Wiggins and Crane entered into a partnership with attorney Edward Kopko, forming Wiggins, Kopko & Crane, LLE Upon Crane’s subsequent withdrawal from the firm, the two remaining partners ultimately formed defendant Wiggins & Kopko, LLP (hereinafter defendant) by written agreement effective November 17, 2006 (hereinafter defendant’s partnership agreement), the same date that plaintiff withdrew *1403 from W&M.[1] During its existence, defendant made various payments to plaintiff for her share of fees generated in cases that were pending when she was a partner in W&M, in accordance with the W&M partnership agreement. Nonetheless, a dispute later arose among plaintiff, Wiggins and Kopko regarding how those fees should be computed and by whom they were to be paid. As a result, plaintiff commenced this action in December 2010 against defendant, W&M and Wiggins, individually.[2] Defendant served an amended answer with counterclaims against plaintiff for unjust enrichment and fraud, as well as cross claims against Wiggins for fraud, breach of fiduciary duty, conversion, indemnification and contribution, and fraudulent concealment.[3]
After the exchange of discovery plaintiff moved for, among other things, partial summary judgment against defendant and Wiggins, individually. Defendant opposed the motion and cross-moved to dismiss plaintiffs complaint pursuant to CPLR 3211[4] or, alternatively, for summary judgment dismissing the complaint. Defendant also moved, as relevant here, for summary judgment on its counterclaims against plaintiff. In a November 2011 order, Supreme Court concluded that the W&M partnership agreement required arbitration of all disputes arising under that agreement and, therefore, granted defendant’s cross motion for summary judgment dismissing plaintiffs first, third and fourth causes of action. On the other hand, Supreme Court granted plaintiffs motion for partial summary judgment on her second cause of action, declaring that plaintiffs share of all contingency fees received by W&M, Wiggins or defendant must be calculated according to the W&M partnership agree- *1404 merit. The court further determined, among other things, that the arbitration provision in defendant’s partnership agreement required denial of defendant’s motion for summary judgment with respect to its counterclaims against plaintiff.
Plaintiff and defendant subsequently moved to reargue the November 2011 order. In a May 2012 order, Supreme Court found that defendant had waived its right to insist that plaintiff arbitrate her claims, concluded that plaintiff was entitled to fees in certain identified cases in accordance with the W&M partnership agreement and granted partial summary judgment in plaintiff’s favor on the first, third and fourth causes of action. In so doing, the court denied defendant’s cross motion in its entirety. In addition to other relief not relevant here, the court also granted plaintiff’s motion for leave to serve an amended verified complaint to name Kopko, individually, as a defendant.[5]
Finally, in a September 2012 order, Supreme Court accepted a report submitted by an independent accountant pursuant to the W&M partnership agreement which calculated the fees to which plaintiff was entitled; the court subsequently issued a judgment in plaintiff’s favor in accordance with that order. Defendant now appeals from all three aforementioned orders and from the judgment.[6]
We affirm. We turn first to Supreme Court’s award of partial summary judgment to plaintiff. As argued by the parties, this issue revolves around whether plaintiff is a creditor of defendant and/or whether defendant was a successor partnership to W&M and liable for obligations to plaintiff pursuant to the W&M partnership agreement. In support of her motion, plaintiff submitted an attorney’s affidavit with exhibits that included, among other things, a copy of the complaint, the proposed amended complaint, and various documents demonstrating payments made to plaintiff by defendant in accordance with the W&M partnership agreement after she withdrew from W&M.[7] Notwithstanding Kopko’s denial of any knowledge of or consent to the payments made to plaintiff from defendant’s business accounts — allegedly at Wiggins’ instruction — and his claim that *1405 defendant is not bound by Wiggins’ actions in this regard, it is undisputed that Wiggins, as a partner, approved such payments, which imputed knowledge thereof to defendant (see Partnership Law § 23).
In any event, Supreme Court did not rely upon the payments reflected in the subject business records as a basis for granting partial summary judgment in plaintiffs favor. Instead, Supreme Court found — correctly, in our view — that defendant, as a successor to Wiggins, Masson & Crane, LLfl was either a continuation of W&M or an assignee thereof as to those cases inherited from W&M and, as such, was responsible for payments due to plaintiff pursuant to the W&M partnership agreement.
Here, the W&M partnership agreement expressly provided that the withdrawal of a partner would not cause a dissolution of the partnership (accord Rotenberg v Chamberlain, D’Amanda, Oppenheimer & Greenfield, 248 AD2d 1021, 1022 [1998]). Therefore, the partnership continued after plaintiff withdrew therefrom. Further, the record before us includes certain corporation records of the Department of State, which reveal that defendant is the same legal entity as W&M with a new name. In addition, Kopko stated in a 2008 letter to plaintiff that “[t]he partnership formerly known as ‘Wiggins & Masson, LLP’ continued as the same partnership entity under the new name of ‘Wiggins & Kopko, LLP’ ” Similarly, an affidavit submitted by Wiggins indicates that defendant “took over where [W&M] left off.”[8] Consequently, Supreme Court correctly determined that W&M ultimately continued to operate as defendant, its successor.[9]
In support of its position that it bears no financial responsibility to plaintiff, defendant primarily relies upon the terms of its own partnership agreement, which provides, in relevant part, that defendant would only be “liable for the reasonable and necessary debts of the firm incurred after November 17, 2006 and not for the debts of any prior law practice with which Wiggins and Kopko were formerly associated.” However, inasmuch it was established as a matter of law that defendant is the successor entity of W&M, Supreme Court correctly determined that defendant’s partnership agreement cannot defeat its li *1406 ability to plaintiff for those fees generated by defendant for clients and business matters it continued from W&M, as Kopko and Wiggins cannot contract with each other to avoid liability of the partnership to a nonparty to their agreement (see generally Partnership Law § 72). In our view, Kopko’s argument that he is not bound by the W&M partnership agreement because he was not made aware of such agreement is more appropriately addressed in connection with his cross claims against Wiggins.
Based upon the foregoing, Supreme Court properly declared that the W&M partnership agreement controlled the calculation of plaintiffs share of the applicable fees and determined that plaintiff was entitled to judgment as a matter of law. Defendant’s motion to dismiss the complaint, which was premised upon the claim that defendant’s partnership agreement was controlling, was also properly dismissed.
We turn next to defendant’s assertion that plaintiff was required to arbitrate her claims. Initially, we note that both plaintiff and Wiggins unquestionably waived arbitration (see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66 [2007]; see also Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]).[10] Further, while defendant asserted the contractual arbitration provision as an affirmative defense in its answer, it did not move to stay the action and compel arbitration (see CPLR 7503 [a]). Instead, it aggressively participated in the discovery process and received the benefit of extensive discovery from plaintiff, which would not otherwise have been available in arbitration (see De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974]). In doing so, defendant’s acceptance of the judicial forum “manifested a preference ‘clearly inconsistent with ... [a] claim that the parties were obligated to settle their differences by arbitration’ ” (Sherrill v Grayco Bldrs., 64 NY2d at 272, quoting Matter of Zimmerman [Cohen], 236 NY 15, 19 [1923]; see Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983, 983-984 [2010], lv denied 15 NY3d 715 [2010]; accord Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d at 66). Thus, we agree with Supreme Court’s determination that defendant’s actions resulted in a waiver of its right to compel arbitration pursuant to the W&M partnership agreement.
Finally, we decline to disturb that part of Supreme Court’s order granting plaintiff leave to file an amended complaint to assert a cause of action against Kopko, individually. Inasmuch as the proposed amendment was not plainly without merit and did *1407 not cause undue prejudice or surprise, Supreme Court properly exercised its discretion in granting plaintiffs motion (see Matter of Greece Town Mall, L.P. v New York State, 105 AD3d 1298, 1299-1300 [2013]; Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012]; see also Vectron Intl., Inc. v Corning Oak Holding, Inc., 106 AD3d 1164, 1168 [2013]).
Defendant’s remaining contentions have been considered and found to be lacking in merit.
Peters, P.J., McCarthy and Spain, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.

. According to the records of the Department of State, the partnership’s name changed from Wiggins & Masson, LLP to Wiggins, Masson & Crane, LLP in 2006, to Wiggins, Kopko & Crane, LLP in January 2007 and then to Wiggins & Kopko, LLP in December 2007.

. Plaintiffs causes of action seek the following relief: (1) recovery of fees owed to plaintiff by Wiggins, W&M and defendant; (2) a declaration against each defendant that plaintiff’s share of contingency fees received by defendants arising out of certain matters must be calculated in accordance with the W&M partnership agreement; (3) an accounting with respect to all fees received by defendants arising out of such matters and for a judgment on sums determined to be due; and (4) a declaration that plaintiff is entitled to an accounting and payment for all sums yet to become due under the W&M partnership agreement.

. Wiggins also answered and asserted a cross claim against defendant for a determination that defendant was obligated to pay plaintiff for her share of any fees received by defendant for matters that were pending when plaintiff withdrew from W&M.

. Defendant moved to dismiss based on documentary evidence, the statute of frauds and failure to state a cause of action (see CPLR 3211 [a] [1], [5], [7]).

. The proposed cause of action against Kopko sought damages based upon theories of a constructive trust and unjust enrichment, stemming from the draws he received from defendant.

. Wiggins also filed a notice of appeal from the September 2012 order and judgment, but later withdrew said appeal.

. Defendant paid plaintiff approximately $17,000 in fees after she withdrew from the partnership. In turn, plaintiff also paid defendant for its share of payments she received from former W&M clients.

. In his answer to the complaint, Wiggins also admitted certain allegations, including that defendant “accepted the Pending Matters subject to the obligations to account and to pay [plaintiff] for all Pending Matters pursuant to . . . the [W&M] partnership agreement” and that defendant “is the successor by merger to [W&M].”

. Defendant’s counsel essentially conceded at oral argument that defendant is a successor to W&M.

. Among other things, Wiggins did not raise an obligation to arbitrate in his answer nor did he move to compel arbitration or claim that plaintiff was required to arbitrate her dispute in his opposition to the instant motions.