Lahtinen, J.P.
Appeal from an order of the Supreme Court (Mulvey, J), entered April 15, 2013 in Tompkins County, which denied defendants’ motions to dismiss the amended complaint.
Defendant attorney Feter J. Walsh represented defendant attorney Robin Abrahamson Masson in her dispute with former law partners over the distribution of legal fees, the background of which is set forth in our recent decision (Masson v Wiggins & Masson, LLP, 110 AD3d 1402 [2013]). In that case, Supreme Court (Cerio, J.) determined that, pursuant to the Wiggins & Masson partnership agreement, the amount owed by the partnership to Masson would be determined by a report to be prepared by the partnership’s accountant, Robert Fagliarone (id. at 1404). Walsh wrote a letter to Fagliarone in May 2012 requesting such a report, but included, as relevant here, the following comments: “I also spoke to the [c]curt following the [d]ecision and am informed that the [c]curt considers the accountant’s report ... to be essentially a formality in view of the proof that was advanced in [c]curt;” “I spoke to the [c]curt . . . and understand that the [c]curt is not looking for an elaborate report;” and “[t]he [c]curt went so far as to characterize this report requirement . . . as a ‘formality.’ ”
Based on Fagliarone’s ensuing report and over plaintiffs’ objections, Masson was awarded a judgment of nearly $86,000 that was entered in September 2012. In October 2012, plaintiff Edward E. Kopko learned of Walsh’s May 2012 letter to Fagliarone. Kopko then wrote to Supreme Court expressing, *1131 among other things, objections to the ex parte communications indicated in Walsh’s letter. The court immediately responded that no such communications had occurred, which Walsh confirmed in a November 2012 letter where he apologized for bis “embarrassing and infelicitous choice of words.”
Plaintiffs then commenced this action in November 2012 against Walsh, Masson and defendant True & Walsh, LLP asserting, in their amended complaint, a cause of action against them for prima facie tort, together with claims of respondeat superior liability as to True & Walsh and Masson. Defendants’ motions to dismiss for failure to state a cause of action were denied. Defendants appeal.
Defendants argue that plaintiffs failed to allege facts that satisfied the disinterested malevolence aspect of a prima facie tort. “To sufficiently allege a cause of action for prima facie tort ... a plaintiff must plead the intentional infliction of harm without justification or excuse, which results in special damages, by one or more acts which would otherwise be lawful” (Cavanaugh v Doherty, 243 AD2d 92, 101 [1998] [citation omitted]). Moreover, “there is no recovery in prima facie tort unless malevolence is the sole motive for [the] defendant’s otherwise lawful act” (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1153 [2012], lv denied 19 NY3d 801 [2012] [internal quotation marks and citation omitted]; see Posner v Lewis, 18 NY3d 566, 570 n 1 [2012]). The act “must be a malicious one unmixed with any other and exclusively directed to injury and damage of another” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983] [internal quotation marks and citation omitted]; see Lerwick v Kelsey, 24 AD3d 931, 932 [2005], lv denied 6 NY3d 711 [2006]). Even egregious conduct by an attorney during the course of representing a client that aids to some degree the attorney’s client or the attorney’s practice generally will not satisfy the disinterested malevolence requirement of a prima facie tort, because such conduct is not motivated solely to harm the defendant (see Drago v Buonagurio, 46 NY2d 778, 779 [1978]; Lisi v Kanca, 105 AD3d 714, 714 [2013]; Shields v Carbone, 78 AD3d 1440, 1442-1443 [2010]).
Here, other than conclusory contentions, there are no facts supporting the assertion that Walsh wrote the May 2012 letter solely to harm defendants and, in fact, papers submitted by plaintiffs reveal that the letter was intended, at least in part, to help Walsh’s client. While plaintiffs’ pleadings are liberally interpreted in the context of a CPLR 3211 (a) (7) motion, such liberal standard “will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted *1132 by documentary evidence or are inherently incredible” (DerOhannesian v City of Albany, 110 AD3d 1288, 1289 [2013], lv denied 22 NY3d 862 [2014]; Mesiti v Mongiello, 84 AD3d 1547, 1549 [2011]; Fernicola v New York State Ins. Fund, 293 AD2d 844, 844 [2002]). Disinterested malevolence having not been shown, it is not necessary to address the other elements of a prima facie tort that defendants contend are also lacking.
McCarthy, Garry and Egan Jr., JJ, concur. Ordered that the order is reversed, on the law, with costs, motions granted and amended complaint dismissed.