ELENA STRUJAN, Appellant, v GLENCORD BUILDING CORP. et al., Respondents, et al., Defendants. [29 NYS3d 398]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 10, 2013, as denied, with prejudice, her motion for leave to amend the complaint, and (2) from an order of the same court dated September 23, 2013, which, in effect, granted the cross motion of the defendants Glencord Building Corp., Giustizia Aggressivo, LLC, and Constance Cincotta to direct the plaintiff to make all further applications for relief by order to show cause.

Ordered that the order dated September 10, 2013 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 23, 2013 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Glencord Building Corp., Giustizia Aggressivo, LLC, and Constance Cincotta.

In this action, inter alia, to recover damages for personal injuries, the plaintiff moved for leave to amend the complaint. In an order dated January 10, 2012, the Supreme Court, in effect, held the motion in abeyance because the plaintiff had failed to attach her proposed amended complaint to her motion papers, and directed her to serve the proposed amended complaint on the respondents. The plaintiff did so and, in an order dated January 10, 2013, the court denied the plaintiff's motion for leave to amend the complaint.

By notice of motion dated January 28, 2013, the plaintiff again moved for leave to amend her complaint. The defendants Glencord Building Corp., Giustizia Aggressivo, LLC, and Constance Cincotta (hereinafter together the defendants) cross-moved to direct the plaintiff to make all further applications for relief by order to show cause. In an order dated September 10, 2013, the Supreme Court denied, with prejudice, the plaintiff's motion for leave to amend her complaint. In an order dated September 23, 2013, the Supreme Court, in effect, granted the defendants' cross motion to direct the plaintiff to make all further applications for relief by order to show cause. The plaintiff appeals.

" 'The doctrine of the "law of the case" is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned' " (*Clark v Clark*, 117 AD3d 668, 669 [2014], quoting *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *see Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717, 717 [2012]). " '[T]he "law of the case" operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law' " (*J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809, 809 [2007], quoting *Matter of Yeampierre v Gutman*, 57 AD2d 898, 899 [1977]). "The doctrine 'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision' " (*Erickson v Cross Ready Mix, Inc.*, 98 AD3d at 717, quoting *Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]).

Inasmuch as the Supreme Court's order dated January 10, 2013 denied the plaintiff's motion for leave to amend her complaint on the merits, that order is law of the case. The

plaintiff's subsequent motion did not point to a change of law, nor was it supported by new evidence (see *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d at 809). Accordingly, the plaintiff's motion for leave to amend was barred by the law of the case doctrine. In any event, the plaintiff's proposed amendments are "palpably insufficient [and] patently devoid of merit" (*Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 121 AD3d 775, 777 [2014]) and, thus, the amendment was properly denied on the merits.

Furthermore, although a pro se litigant is afforded "some latitude," he or she is not entitled to rights greater than any other litigant (*Mirzoeff v Nagar*, 52 AD3d 789, 789 [2008]). Here, given the plaintiff's history of interposing duplicative motions, the Supreme Court providently exercised its discretion by imposing the modest limitation of requiring the plaintiff to make any further applications for relief by order to show cause (see *Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]; *Duffy v Holt-Harris*, 260 AD2d 595, 596 [1999]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.