■ MARY DORCE, Appellant, v YITZCHAK GLUCK et al., Respondents. [34 NYS3d 501]—

In an action to recover unpaid wages and overtime pay, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 19, 2015, as denied those branches of her cross motion which were pursuant to CPLR 3211 (a) (7) to

dismiss the defendants' counterclaims and pursuant to CPLR 3025 for leave to amend the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendants' counterclaims, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants' first counterclaim alleges that, prior to commencing this action to recover unpaid wages and overtime pay, the plaintiff "threatened that she would seek sanctions and attorney's fees in the amount of $50,000 . . . unless defendants agreed to pay her the amount of $15,000." The defendants' second counterclaim alleges that they offered to settle "for the full amount of overtime pay, at time and one half, but plaintiff, by her attorney, refused, and instead demanded that defendants agree to pay $15,000 to settle the action, and that otherwise, plaintiff's attorney threatened to increase the damages . . . by initiating an action and seeking attorney's fees that would greatly increase the amount sought."

Affording the defendants' counterclaims a liberal construction, accepting all facts as alleged in the counterclaims to be true, and according the defendants the benefit of every favorable inference as required on a motion to dismiss pursuant to CPLR 3211 (a) (7), the counterclaims fail to state a cause of action to recover damages for prima facie tort for statements made by the plaintiff in pursuit of a settlement prior to commencing the action. The counterclaims fail to plead that the plaintiff's statements were motivated solely by "disinterested malevolence" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]; *see Lisi v Kanca*, 105 AD3d 714 [2013]; *Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012]), and that the defendants suffered any specific and measurable loss (*see Diorio v Ossining Union Free School Dist.*, 96 AD3d at 712; *Del Vecchio v Nelson*, 300 AD2d 277, 278 [2002]). Nor do the counterclaims state a cause of action alleging extortion (*see* Penal Law § 155.05 [2] [e]).

Accordingly, the Supreme Court should have granted the branch of the plaintiff's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendants' counterclaims.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of her cross motion which was pursuant to CPLR 3025 for leave to amend the complaint since the proposed amendments were

palpably insufficient or patently devoid of merit (*see Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 129 AD3d 684, 685 [2015]; *Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 97 AD3d 716, 719 [2012]). Moreover, we note that the attached proposed amended complaint did not clearly show the changes or additions to be made to the pleading (*see* CPLR 3025 [b]). Eng, P.J., Roman, LaSalle and Barros, JJ., concur.