Strujan v Kaufman & Kahn, LLP (2019 NY Slip Op 00630)





Strujan v Kaufman & Kahn, LLP


2019 NY Slip Op 00630


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-07436
2015-07437
 (Index No. 11180/14)

[*1]Elena Strujan, appellant, 
v
Kaufman & Kahn, LLP, et al., respondents, et al., defendants.


Elena Strujan, New York, NY, appellant pro se.
Furman Kornfeld & Brennan, LLP, New York, NY (Andrew S. Kowlowitz of counsel), for respondent Kaufman & Kahn, LLP.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman and Merril S. Biscone of counsel), for respondent Fiden & Norris, LLP.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from two orders of the Supreme Court, Queens County (Timothy J. Dufficy, J.), both entered June 16, 2015. The first order, insofar as appealed from, denied the plaintiff's motions for leave to enter a default judgment against the defendants Kaufman & Kahn and Fiden & Norris, LLP, and to disqualify counsel for the defendant Kaufman & Kahn, granted the motion of the defendant Kaufman & Kahn pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, granted that branch of the motion of the defendant Fiden & Norris, LLP, which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, and granted the cross motion of the defendant Fiden & Norris, LLP, to preclude the plaintiff from filing any further applications for relief except by order to show cause. The second order, insofar as appealed from, denied, as academic, the plaintiff's second motion for leave to enter a default judgment against both defendants.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against the defendants Kaufman & Kahn, LLP (hereinafter Kaufman), and Fiden & Norris, LLP (hereinafter Fiden; hereinafter together the defendants), firms that represented the plaintiff's adversaries in a prior action. The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them, and the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and to disqualify Fiden's attorneys. Fiden also cross-moved to preclude the plaintiff from filing any further motions except by order to show cause. The Supreme Court, inter alia, denied the plaintiff's motions, granted the defendants' separate motions to dismiss the complaint insofar as asserted against each of them, and directed the plaintiff to make all further applications for relief by order to show cause. The plaintiff appeals.
Pursuant to CPLR 308(2), service via delivery to a person of suitable age and discretion is complete 10 days after proof of service is filed with the court. Pursuant to CPLR 320(a), a defendant served via personal service must respond by filing an answer, notice of appearance, or motion within 20 days, but a defendant served pursuant to CPLR 308(2) must respond within 30 days after the completion of service.
Here, the plaintiff's affidavits of service, which were filed on October 15, 2014, failed to demonstrate that she served either of the defendants via personal service and both defendants proffered evidence demonstrating substituted service. The defendants' separate motions to dismiss the complaint were timely filed on November 21, 2014, and November 24, 2014, respectively. Accordingly, we agree with the Supreme Court's denial of those branches of the plaintiff's motions which were for leave to enter a default judgment against the defendants.
A party seeking to disqualify an adversary's counsel has the burden of demonstrating grounds for that relief (see Kelleher v Adams, 148 AD3d 692, 692-693; Matter of Rovner v Rantzer, 145 AD3d 1016). Here, the plaintiff failed to meet that burden and, therefore, we agree with the Supreme Court's denial of her motion for that relief.
In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), the court must determine whether, accepting as true the factual statements of the complaint, the plaintiff can succeed upon any reasonable view of the facts stated (see Aristy-Farer v State of New York, 29 NY3d 501, 509). Here, we agree with the Supreme Court's determination that the complaint failed to state a cause of action against the defendants.
Since the defendants represented the plaintiff's adversaries in a prior action, the causes of action alleging legal malpractice and negligence are unsupported by any duty running from the defendants to the plaintiff (see Betz v Blatt, 160 AD3d 696, 698; Betz v Blatt, 116 AD3d 813, 815; Gorbatov v Tsirelman, 155 AD3d 836, 840; DeMartino v Golden, 150 AD3d 1200, 1201; Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825).
The plaintiff's allegations of "intentional harm," which the Supreme Court properly interpreted as stating a cause of action alleging prima facie tort, were unsupported by facts demonstrating that the defendants acted with "malicious intent or disinterested malevolence" in the prior action (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772; see Dorce v Gluck, 140 AD3d 1111, 1112; Wiggins & Kopko, LLP v Masson, 116 AD3d 1130, 1131; Smallwood v Lupoli, 107 AD3d 782, 785; Lisi v Kanca, 105 AD3d 714; Shields v Carbone, 78 AD3d 1440, 1442-1443). Likewise, the allegations of defamation failed to state a cause of action. The law provides absolute immunity from liability for defamation based on oral or written statements made by attorneys in connection with a proceeding before a court " when such words and writings are material and pertinent to the questions involved'" (Front, Inc. v Khalil, 24 NY3d 713, 718, quoting Youmans v Smith, 153 NY 214, 219; see Weinstock v Sanders, 144 AD3d 1019, 1020; see also Stega v New York Downtown Hosp., 31 NY3d 661).
The plaintiff's remaining causes of action are not recognized in New York or are inadequately pleaded (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 953, 954-955; Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711; 42 USC § 1983; CPLR article 14-A).
"Public policy generally mandates free access to the courts" (Vogelgesang v Vogelgesang, 71 AD3d 1132, 1134; see Sassower v Signorelli, 99 AD2d 358, 359). Although a pro se litigant is afforded " some latitude,'" he or she is not entitled to rights greater than any other litigant and may not disregard court rules or deprive an adversary of rights normally enjoyed by an opposing party (Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1254, quoting Mirzoeff v Nagar, 52 AD3d 789, 789; see Matter of Chana J.A. v Barry S., 135 AD3d 743, 744; Walter v Jones, Sledzik, Garneau & Nardone, LLP, 67 AD3d 671, 672). Accordingly, "when a litigant is abusing the judicial process by harassing individuals solely out of ill will or spite, equity may enjoin such [*2]vexatious litigation" (Breytman v Pinnacle Group, 110 AD3d 754, 755; see Breytman v Schechter, 101 AD3d 783, 785; Vogelgesang v Vogelgesang, 71 AD3d at 1134; Matter of Simpson v Ptaszynska, 41 AD3d 607, 608; Duffy v Holt-Harris, 260 AD2d 595; Matter of Shreve v Shreve, 229 AD2d 1005). Here, the plaintiff's pattern of vexatious and duplicative motion practice warranted the modest limitation of directing the plaintiff to bring future motions via order to show cause (see Strujan v Glencord Bldg. Corp., 137 AD3d at 1254).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court