Bank of Am., N.A. v Afflick (2019 NY Slip Op 03941)





Bank of Am., N.A. v Afflick


2019 NY Slip Op 03941


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-01218
 (Index No. 20976/13)

[*1]Bank of America, N.A., respondent, 
v
Willard Afflick, appellant, et al., defendants.


Willard Afflick, Springfield Gardens, NY, appellant pro se.
Bryan Cave Leighton Paisner LLP, New York, NY (Suzanne M. Berger and Elizabeth J. Goldberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Willard Afflick appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 30, 2018. The judgment of foreclosure and sale, upon an order of the same court entered October 29, 2014, denying the motion of the defendant Willard Afflick, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers to the plaintiff's motion, inter alia, for leave to enter a default judgment against that defendant upon his failure to appear or answer the complaint, is in favor of the plaintiff and against that defendant, among other things, directing the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendant Willard Afflick (hereinafter the defendant). The plaintiff later moved, inter alia, for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint. Although the parties executed a stipulation agreeing to adjourn the plaintiff's motion from July 17, 2014, to September 30, 2014, the defendant did not appear at the call of the calendar on September 30, 2014, or submit written opposition.
Before the plaintiff's motion was decided, the defendant, acting pro se, moved, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers to the plaintiff's motion, claiming that he was unaware that opposition papers were required to be served by September 10, 2014. The Supreme Court denied the defendant's motion and, thereafter, granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant. Subsequently, the court entered a judgment of foreclosure and sale. The defendant appeals.
CPLR 2004 provides that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."
Here, the defendant did not make an adequate showing of good cause because he did [*2]not offer a valid reason for the extension (see Adotey v British Airways, PLC, 145 AD3d 748; Risucci v Zeal Mgt. Corp., 258 AD2d 512). In opposition to the defendant's motion, the plaintiff submitted a copy of correspondence dated July 22, 2014, wherein the plaintiff's counsel informed the defendant that opposition papers were required to be served by September 10, 2014. In his reply, the defendant did not address this document and continued to simply deny prior knowledge of the September 10, 2014, deadline to submit opposition papers.
To the extent the defendant claims that he was never served with a copy of the correspondence dated July 22, 2014, this contention is raised for the first time on appeal and is not properly before this Court (see Fusco v City of New York, 71 AD3d 1083).
The defendant further maintains that he was not treated fairly because he was a pro se litigant. However, "although courts will routinely afford pro se litigants . . . some latitude, a litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants" (Mirzoeff v Nagar, 52 AD3d 789, 789 [internal quotation marks omitted]).
Under the circumstances, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, pursuant to CPLR 2004 to extend the time to submit opposition papers.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.

2015-01218 DECISION & ORDER ON MOTION
Bank of America, N.A., respondent, v Willard Afflick,
appellant, et al., defendants.
(Index No. 20976/13)

Motion by the respondent, inter alia, to strike the appellant's reply brief on an appeal from a judgment of foreclosure and sale of the Supreme Court, Queens County, entered March 30, 2018, or to strike stated portions of the reply brief on the ground that they improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated December 17, 2018, that branch of the motion which is to strike the appellant's reply brief or stated portions of the reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike the appellant's reply brief or stated portions of the reply brief is granted to the extent that the following portions of the appellant's reply brief are deemed stricken and have not been considered in the determination of the appeal: the first sentence of the last paragraph on page 6; the portion beginning with the first sentence on page 8 and ending with the word "Mitigation" on page 8; the first sentence of the third paragraph on page 9; the portion beginning with the first full paragraph on page 12 and continuing through the last full paragraph on page 15; and the third and fourth paragraphs on page 18; and it is further,
ORDERED that the branch of the motion which is to strike is otherwise denied.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court