# S.I.A.E.A. 1 Inc. v JRHP Equities, LLC

2024 NY Slip Op 30038(U)

January 7, 2024

Supreme Court, Kings County

Docket Number: Index No. 525669/2019

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 7th day of January
2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X
S.I.A.E.A. 1 INC., and D.S.N REALTY GROUP LLC.,

**DECISION & ORDER**

Plaintiff,

Index No.: 525669/2019

- against -

JRHP EQUITIES, LLC, ME RECORDS, INC,
MOSHE PERETZ, UTICA MP CORP., and
MAOR SHABAT

Defendants.
-------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on July 11, 2023, under motion sequence number four by plaintiff S.I.A.E.A. 1 INC., and D.S.N Realty Group LLC (hereinafter the movants) for an order pursuant to CPLR 3025(b), CPLR 1003 and CPLR 2004 granting plaintiffs: (1) leave to file and serve an amended complaint adding Amy Peretz,, Jordan Peretz, and Andrew Shlomovich as defendants; and (2) extending the parties' time to file the Note of Issue. The motion is opposed.

- Notice of motion
- Affirmation in support
- Exhibits A-D
- Affirmation in opposition
- Exhibit 1
- Affirmation in reply

**BACKGROUND**

On November 22, 2019, plaintiffs commenced the instant action by filing a summons, complaint, and notice of pendency with the Kings County Clerk's Office (KCCO). On March 20, 2020, defendants JRHP Equities LLC, Moshe Peretz, and Utica MP Corp. interposed and

[* 1]

filed an answer with the KCCO. On July 14, 2020, defendants ME Records Inc. and Maor Shaba interposed and filed an answer with the KCCO.

The complaint alleges thirty-seven allegations of fact in support of five causes of action. The first cause of action seeks a judgment declaring that the plaintiffs have an ownership interest in certain real property located at 7416 Avenue U, Brooklyn, New York (hereinafter the subject property). The second seeks injunctive relief restraining, enjoining, and prohibiting the defendants from interfering with plaintiffs' rights in the subject property by disposing or encumbering it. The third is for breach of contract. The fourth is for fraudulent conveyance. The fifth is for conversion.

**LAW AND APPLICATION**

By notice of motion filed on March 23, 2023, under motion sequence number three, plaintiff S.I.A.E.A. 1 INC., and D.S.N Realty Group LLC moved for an order pursuant to CPLR 3025(b), CPLR 1003 and CPLR 2004 granting plaintiffs: (1) leave to file and serve an amended complaint adding Amy Peretz,, Jordan Peretz, and Andrew Shlomovich as defendants; and (2) extending the parties' time to file the Note of Issue.

By decision and order dated June 15, 2023, the Court denied the plaintiffs' motion for failure to comply with *Dorce v Gluck*, 140 AD3d 1111 [2nd Dept 2016]; CPLR 3025(b). In the case of *Dorce v Gluck*, supra, the Appellate Division Second Department affirmed the lower Court's denial of the plaintiffs' motion to amend the complaint on two grounds. The first ground was that the proposed amendments were palpably insufficient or patently devoid of merit. The second ground was that the attached proposed amended complaint did not clearly show the

[* 2]

changes or additions to be made to the pleading (see CPLR 3025 [b]). The instant motion is seeking the same relief that was denied by the Court's order of June 15, 2023.

It is noted that Judge Odessa Kennedy issued an order from the Central Compliance Part which, among other things, set a specific discovery schedule, and directed the plaintiff to file a note of issue by April 7, 2023.

A party may amend his or her pleading ... at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[b]).

While leave to amend a pleading shall be freely granted (see CPLR 3025[b]), a motion for leave to amend is committed to the broad discretion of the court (see *Yong Soon Oh v. Hua Jin*, 124 A.D.3d 639, 640–41 [2nd Dept 2015] citing, *Ravnikar v. Skyline Credit–Ride, Inc.*, 79 A.D.3d 1118, 1119 [2nd Dept 2010]). In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered (*Yong Soon Oh v. Hua Jin*, 124 A.D.3d 639, 640–41 [2nd Dept 2015] citing, *Cohen v. Ho*, 38 A.D.3d 705, 706 [2nd Dept 2007]). Generally, in the absence of prejudice or surprise to the opposing party, leave to amend pleadings should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*Yong Soon Oh v. Hua Jin*, 124 A.D.3d 639, 640–41 [2nd Dept 2015] citing, *Rodgers v. New York City Tr. Auth.*, 109 A.D.3d 535, 537 [2nd Dept 2013]).

It is noted that the proposed amended pleading seeks to add three individuals. Plaintiff wishes to add Amy Peretz, the wife of defendant Moshe Peretz because she was single member

[* 3]

of the LLC known as JRHP Equities, which was formed for the purpose of purchasing the subject property with plaintiffs' funds. Plaintiffs seek to add Jordan Peretz, son of defendant Moshe Peretz, because he was the named President of JP 845 Livonia Corp., a corporation formed for the authorized purchase of a property located at 845 Livonia Ave., Brooklyn, New York. Plaintiff seeks to add Andrew Shlomovich because he was the transactional attorney who represented the defendants in the various real estate purchases at issue.

The general rule, of course, is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability (see *Bartle v. Home Owners Coop.*, 309 N.Y. 103, 106, The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation (see *Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 N.Y.2d 135, 140–141

A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff (*E. Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.*, 66 A.D.3d 122, 126 [2nd Dept 2009]).

The allegations of fact in the proposed amended complaint offer no basis to pierce the corporate veil as against Amy Peretz or Jordan Peretz who according to the allegations of fact in the proposed amended complaint were acting on behalf of the LLC or corporation of which they were a part of.

[* 4]

Absent a showing of fraud or collusion, or of a malicious or tortious act, an attorney is not liable to third parties for purported injuries caused by services performed on behalf of a client or advice offered to that client (*Asamblea De Iglesias Christianas, Inc. v. DeVito*, 210 A.D.3d 843, 845 [2nd Dept 2022]). In the case at bar there were no allegations of fact in the proposed amended complaint which stated a cause of action against Andrew Shlomovich in his role as the transactional attorney for the defendants.

While the instant proposed amended pleading did comply with CPLR 3025(b) in clearly setting for the proposed changes from the original complaint, one of the defects of its prior motion, the proposed amended pleading remains palpably insufficient and patently devoid of merit for the reasons set forth herein.

It is noted that Judge Odessa Kennedy issued an order from the Central Compliance Part which, among other things, set a specific discovery schedule, and directed the plaintiff to file a note of issue by April 7, 2023.

The plaintiffs' motion for a new note of issue date was premised on the assumption that the motion to amend the complaint to add the three new defendants would necessitate additional discovery of those proposed new defendants. Inasmuch as the proposed amendment is denied, the reason for the delay in filing the note of issue does not exist. The plaintiffs are directed to file a note of issue within ten days of notice of entry of the instant decision and order.

[* 5]

**CONCLUSION**

The branch of the plaintiffs' motion seeking an granting plaintiffs leave to file and serve an amended complaint adding Amy Perutz, Jordan Peretz, and Andrew Shlomovich as defendants is denied.

The branch of the plaintiffs' motion seeking and an order extending the parties' time to file the Note of Issue is granted to the extent that the plaintiffs are directed to file a note of issue within ten days of notice of entry of the instant decision and order.

The foregoing constitutes the decision and order of this Court.

ENTER: _____ *François A. Rivera*
_____
J.S.C.

HON. FRANCOIS A. RIVERA
J.S.C.

[* 6]