**5506-40 Linden Blvd Brooklyn LLC v Linden 40 LLC**

2024 NY Slip Op 31760(U)

May 21, 2024

Supreme Court, Kings County

Docket Number: Index No. 512113/2022

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
5506-40 LINDEN BLVD BROOKLYN LLC, 5507-58
LINDEN BLVD BROOKLYN LLC, 5508-95 LINDEN
BLVD BROOKLYN LLC, 5509-130 MARTENSE
STREET BROOKLYN LLC, 5510-345 LEFFERTS
BLVD BROOKLYN LLC, and 5511-777 ST. MARKS          Decision and Order
AVENUE BROOKLYN LLC,

                                        Plaintiffs,

          - against -
                                        Index No. 512113/2022
LINDEN 40 LLC, LINDEN 58 LLC, LINDEN 95 LLC,
MARTENSE 130 LLC, LEFFERTS BLVD 345 LLC,
777 ST. MARKS REALTY, LLC, and EDWARD
LIFSHITZ,                                          May 21, 2024

                                        Defendants,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                      Motion Seq. #4


          The defendants have moved pursuant to CPLR §3211 seeking to

dismiss the second amended complaint.  The plaintiff has opposed

the motion.  Papers were submitted by the parties and arguments

held.  After reviewing all the arguments this court now makes the

following determination.

          As recorded in the prior order, on June 26, 2015 the parties

entered into a purchase and sale agreement whereby the plaintiffs

agreed to purchase properties from the defendants located at 40

Linden Boulevard, 58 Linden Boulevard, 95 Linden Boulevard, 130

Martense Street, 345 Lefferts Boulevard and 777 St. Marks Avenue

all in Brooklyn.  Paragraph 30(a) of the agreement states that

the "Seller represents that it or its predecessors have

registered all residential apartment units located at the

Premises with The Division of Housing, Community and Renewal

("DHCR") and re-registered the same prior to July 1, 2014; to Seller's knowledge, the rents set forth on Schedule B annexed hereto do not exceed the maximum legal rent which may be collected from any tenants of the Premises pursuant to the Leases" (see, Contract of Sale, ¶30.(a) [NYSCEF Doc. No. 16]).

The plaintiffs commenced this lawsuit alleging the defendants misrepresented the correct rents for various apartments. Specifically, the amended complaint alleges that the defendants misrepresented the allowable rent for seven apartments in four of the buildings out of three hundred and eighty apartments. The prior decisions dismissed the fraud cause of action and also dismissed all causes of action as to defendant Lifshitz. The plaintiff filed a second amended complaint and the defendants have now moved seeking to dismiss it as well. As noted, the motion is opposed.


Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc.,

2

v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

Section ¶43© of the Purchase and Sale agreement states that defendant "representations and warranties shall survive Closing for a period of one hundred eighty (180) days (the "Survival Period")" (see, Purchase and Sale Agreement, §43© [NYSCEF Doc. No. 16]). The plaintiff does not dispute the efficacy of that clause but rather argues the claims are not based upon the Purchase and Sale Agreement but rather they are based on warranties in the deed which provides for delivery of the property free of any encumbrances. Indeed, the plaintiff cites to West 90th Owners Corporation v. Schlechter, 137 AD2d 456, 525 NYS2d 33 [1st Dept., 1988] which held that "a deed with such a covenant constitutes, in a sense, not only a reaffirmation of the earlier contractual representation, but it also represents a new and different commitment" (id). Therefore, "the covenant construed in Real Property Law §253(6) is an agreement of indemnification...of a type not contained in the contract of sale. Thus, plaintiff's right to indemnification arose for the

3

first time upon delivery of the deed at closing" and is not bound by the 180 day survival period.

However, this entire argument is premised upon the court's earlier determination that misrepresentations concerning the rent roll constitute encumbrances. The plaintiff asserts that because of collateral estoppel or res judicata or law of the case, the defendants are barred from re-litigating that issue and thus cannot dismiss the case based upon that prior determination.

Res judicata is a doctrine that comprises both claim preclusion and issue preclusion which is also known as collateral estoppel (see, Paramount Pictures Corporation v. Allianz Risk Transfer AG, 31 NY3d 64, 73 NYS3d 472 [2018]). "To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (id). In this case the prior determination denying the motion to dismiss the indemnification claim was not a final judgement on the merits and thus claim preclusion is inapplicable. Collateral estoppel or issue preclusion generally prevents a party from relitigating an issue in a subsequent action that was clearly raised and decided against that party (Simmons v. Trans Express Inc., 37 NY3d 107, 148 NYS3d 178 2021]). Further, "'the doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be

4

[*4]

the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned'" (Strujan v. Glencord Building Corp., 137 AD3d 1252, 29 NYS3d 398 [2d Dept., 2016]).

Of course, these doctrines do not prohibit any party from seeking to reargue any determination of the court. Nor can they prevent resolving issues that are raised pursuant to an amended complaint even if the portion seeking review is not being amended. To the extent this can be deemed a motion to reargue the court will permit such arguments. This is especially true where the court finds such arguments compelling.

The court held that an improper or misrepresented rent roll can be considered an encumbrance since it reduces the value of the property. That determination did not fully consider the definition of an incumbrance. It is true, as explained in the prior decision, that "every diminution of whatever kind or degree of the ownership in fee simple absolute, other than a highway easement, is an encumbrance" (see, New York Law and Practice of Real Property, §22:22, Chapter 22. Marketable Title, D: Encumbrances [June 2022 Update]). That definition does not mean that anything which can affect the value of the property is an encumbrance. Rather, an encumbrance "is any right to or interest in the land subsisting in another, to the diminution of its value, although consistent with the power to pass the fee by the conveyance. The term includes whatever charges obstruct, burden,

5

[*5]

or impair the use of the land, depreciate its value, or impede its transfer, such as a lien, a servitude, or an easement" (id). Thus, an encumbrance affects title and is "specifically used to designate a restriction on title and is defined as 'a right other than an ownership interest in real property. The term includes mortgages and other liens on real property'" (see, In re Windsor Park Nursing Home, 18 Misc3d 964, 850 NYS2d 342 [Supreme Court Queens County 2008]). Thus, a zoning ordinance, which regulates the use of property is not an encumbrance (Voorheesville Rod and Gun Club Inc., v. E.W. Tompkins Company Inc., 82 NY2d 564, 606 NYS2d 132 [1993]). Likewise, building code violations which may affect the physical condition and the economic value of the property are not encumbrances (see, Stockton Mortgage, Inc. v. Tope, 233 Cal.App4th 437, 183 Cal.Rptr3d 186 [3d Dist. 2014], McCrae v. Giteles, 253 So2d 260 [Fla. Dist. Ct. App. 3d Dist. 1971], Monti v. Tangora, 99 Ill.App3d 575, 425 NE2d 597 [4th Dist. 1981]). Moreover, a notice of pendency does not create an encumbrance upon property (Bank of America N.A., v. 3301 Atlantic LLC, 2012 WL 2529196 [EDNY 2012]). Further, in Whaley v. First American Title Co. of Mid-West, 2004 WL 316978 [Tennessee Court of Appeals 2004] the court held an improper subdivision did not constitute an encumbrance because an encumbrance concerns issues of ownership and an improper subdivision pertains to the value of the property. Finally, other issues which can reduce the value

6

[* 6]

of the property are also not encumbrances. For example, the existence of hazardous materials is not an encumbrance (U.S. v. Allied Chemical Corp., [587 F.Supp 1205 [N.D. Cal. 1984]). Moreover, wetlands designation is not an encumbrance (Bear Fritz Land Co. v. Kachemak Bay Title Agency, Inc., 920 P2d 759 [Alaska 1996], Frimberger v. Anzellotti, 25 Conn.App. 401, 594 A2d 1029 [1991], Truck South, Inc. v. Patel, 339 S.C. 40, 528 SE2d 424 [2000]).

There are no cases that hold the mere misrepresentation of rent rolls constitutes an encumbrance and the court should not have endorsed such an expansive understanding of encumbrances. Indeed, endorsing such an expansive understanding of an encumbrance could result in far-reaching and unintended results. For example, misrepresentations about the salaries paid to workers, which would increase expenses and reduce the value of the property thereby could also be termed an encumbrance. There is no precedent for such a wide interpretation of an encumbrance. Therefore, there can be no relief flowing from the deeds with covenants that the transfer of land was free of encumbrances.

Therefore, the only basis in which the plaintiff can maintain any relief is via the purchase and sale agreement which bars any such action more than 180 days after the closing. There is no dispute no notices of any improper rental amounts were sent to the defendants within that time frame. Therefore, the

7

[* 7]

plaintiff is constrained from pursuing this action.

Consequently, the motion seeking to dismiss the second amended complaint is granted in its entirety.

So ordered.

ENTER:

DATED: May 21, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

8